UNITED STATES of America,
Plaintiff–Appellee,

v.

Mamadou BALDE, Defendant–
Appellant.

No. 00–4070.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before MARTIN, Chief Judge;
DAUGHTREY, and MOORE, Circuit
Judges.

## ORDER

Mamadou Balde, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 2000, following a bench trial, the court found Balde guilty of fraud and misuse of an entry document in violation of 18 U.S.C. § 1546, possession of false identification with intent to defraud the United States in violation of 18 U.S.C. § 1028(a)(4), use of identification of another with intent to commit unlawful activity in violation of 18 U.S.C. § 1028(a)(7), furnishing false information to the Commissioner of Social Security in violation of 42 U.S.C. § 408(a)(6), and making a false statement to an agency of the United States in violation of 18 U.S.C. § 1001. The court sentenced him to a total of six months of imprisonment, plus three years of supervised release. Balde has filed a timely appeal, arguing that there was insufficient evidence to support his convictions.

Upon review, we conclude that the government presented sufficient evidence to support Balde's convictions. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This court draws all available inferences and resolves all issues of credibility in favor of the verdict, and it is not necessary for the court to

exclude every reasonable hypothesis but guilt. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996). Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. *Id.* In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995).

In this case, Balde essentially challenges whether the government established the "willful" and "knowingly" elements of the statutes under which he was charged. Two employees of the Social Security Administration in Cincinnati, Ohio, testified that Balde came to the office and applied for a social security card. A Department of Justice agent testified that the I–94 form (an arrival/departure document) that Balde possessed was fraudulent. In addition, Balde acknowledged that he had been working menial jobs in New York, that he came to came to Cincinnati seeking better employment, that he did not have a social security card, and that he was aware that he needed a social security card to obtain employment. Balde does not dispute possessing his friend's (Namouke) passport and I–94 form, nor does he dispute that he presented those documents along with the social security card application he completed. Although Balde testified that he was attempting to obtain the card for Namouke, Balde never told anyone at the Social Security office that he was attempting to obtain a card on someone else's behalf. Based on the above, there was sufficient circumstantial evidence for a rational trier of fact to conclude that Balde knowingly possessed a passport and an invalid I–94 form that were not issued to him by the United States, and that he presented the documents as his own in order to fraudulently obtain a social security card.

Balde maintains that he provided a credible explanation for his conduct and that he was attempting to obtain the social security card for Namouke. This argument is unavailing, however, because in assessing the sufficiency of the evidence, this court does not weigh the evidence or assess the credibility of the witnesses. *Jackson,* 55 F.3d at 1225. Moreover, as stated above, this court draws all available inferences and resolves all issues of credibility in favor of the verdict, and it is not necessary for the court to exclude every reasonable hypothesis but guilt. *Jones,* 102 F.3d at 807.

Accordingly, we affirm the judgment of conviction and sentence.